UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

RIVERWALK JACKSONVILLE
DEVELOPMENT, LLC

      Debtor.
_____/

Case No. 14-19672-LMI

Chapter 11

## US CENTURY'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT

U.S. Century Bank ("US Century"), pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3017, objects to the Debtor's Disclosure Statement (ECF 65) as follows:

## BACKGROUND

1. The Debtor, Riverwalk Jacksonville Development, LLC ("Debtor"), commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 28, 2014 (the "Petition Date").

2. The Debtor's primary assets consist of four parcels of real estate, covering approximately 10.85 acres, in Jacksonville, Florida (the "Properties"). Three of the four Properties are encumbered. Two of the parcels, consisting of parking lots, are subject to a first mortgage in favor of US Century Bank, securing a loan in the amount of $1,515,176.67 (the "Loan").

3. As of the Petition Date, the Debtor was indebted to US Century in the amount of $1,560,517.36, plus interest, fees and costs, which continue to accrue. *See* Claim 3-1 ("Claim").

4. On November 11, 2014, the Debtor filed its Debtor-in-Possession Plan of Reorganization (ECF 64) ("Plan") and Disclosure Statement in Connection with Debtor-in-Possession's Plan of Reorganization (ECF 65) ("Disclosure Statement").

1

5. With respect to US Century's Claim, the Disclosure Statement provides as follows:

> Class 4, U.S. Century, filed a Proof of Claim in the amount of $1,560,517.36, which claim is secured by the East Parking Lot Parcel and West Parking Lot Parcel.
>
> The Debtor disputes the amount of the Claim, but the Allowed Secured Claim will be satisfied by either:
>
> A.  On the Effective Date, in return for a Satisfaction of Mortgage and Cancellation of the Promissory Note, the Debtor will pay Class 3[1] in full; or
>
> B.  On the Effective Date, the Debtor will cure the default on the U.S. Century Mortgage by: (a) paying all monthly payments to date less all adequate protection and other payments made post default; (b) reinstating the loan's maturity date: (c) compensating U.S. Century for its reasonable attorney fees that were incurred as a result of the Prepetition default. If the parties cannot agree on the cure amount, the determination will be made by the Court.

Disclosure Statement at 23.

6. The Debtor claims to dispute the amount of US Century's Claim, but without stating the basis for any dispute and having filed no objection to the Claim to date.

7. Although no concrete details are provided, the Debtor's Plan is apparently contingent upon two events: (1) third party negotiations between a prospective purchaser and the non-debtor owner of the Wyndham Jacksonville Riverwalk Hotel ("Wyndham") property, which is adjacent to the Debtor's Properties; and (2) negotiations between the prospective purchaser of the Wyndham and the Debtor for a "Transaction." *See* Disclosure Statement at 19. According to the Debtor, while the owner of the Wyndham has "settled on a purchaser," a sale and purchase contract is still be negotiated. No timetable for a contract being finalized, or the sale closed, is

---

[1] We presume that the Debtor's reference to paying off "Class 3" is a typo, and intended to say "the Debtor will pay **Class 4** in full…"

2

provided. Nor does the Debtor provide any details about the "Transaction" contemplated between the Debtor and the prospective Wyndham buyer, aside from the Debtor's hope that "the purchaser/RJD Transaction will be the basis for the Distributions contemplated by this Plan of Reorganization." *Id.* As for details, the Debtor says only that "[i]t is anticipated that, by the time of the Disclosure Statement hearing, the relevant elements of a completed Transaction will be disclosable, subject to certain confidentiality provisions." *Id.*

## ARGUMENT

### A. The Disclosure Statement Must Provide Adequate Information.

8. Section 1125(b) precludes the Debtor from soliciting acceptance or rejection of the Plan until first providing a Disclosure Statement which contains "adequate information." "Adequate information" means:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

9. "What constitutes adequate information is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties." *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988). Unfortunately, given the lack of

GARBETT, STIPHANY, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 • TELEPHONE (305) 579-0012

any specific details concerning the Debtor's Plan, US Century cannot participate as an "*informed interested party*."

10. Courts in the Eleventh look to the following factors in determining whether adequate information has been provided:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*In re Coastal Realty Investments, Inc.*, 2013 WL 214235, at *5-6 (Bankr. S.D. Ga. 2013) (quoting *In re Metrocraft Publ'g Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)).

### B.    The Debtor Has Not Provided Adequate Information.

11. The Disclosure Statement does not contain adequate information.

12. Specifically, as discussed above, the Debtor has provided no specifics regarding the terms of any deal between the prospective purchaser and the owner of the Wyndham – the first element of the deal upon which the Debtor's entire Plan is predicated. Likewise, the Debtor gives no details about the supposedly ongoing negotiations between the Debtor and the prospective purchaser. Instead, the Debtor states only that it hopes to eventually disclose additional details. Finally, to the extent the Debtor intends to cure and reinstate US Century's Loan, there is no analysis or proposed budget demonstrating the Debtor's ability to do so.

4

GARBETT, STIPHANY, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 • TELEPHONE (305) 579-0012

13. The Disclosure Statement provides no reasonable estimate of when the transactions may ultimately close, and distributions be made. The Effective Date is circularly defined as the Distribution Date, which is defined as the date the Debtor makes a single distribution to creditors. Although the Plan states that the transactions "shall" close within 90 days of the Confirmation Order, this date may be extended by consent of the secured creditors or Court order. It is also unclear if the closing date of the transactions and the Effective/Distribution Date are the same, or if they could fall on different dates. Furthermore, the definition of the Effective/Distribution Date contemplates a single distribution, paying off US Century's claim in full, but does not account for the possibility that the Debtor cures and reinstates the Loan.

14. The Debtor claims, for the first time, to dispute the amount of US Century's Claim, but provides no detail as to the basis for any purported dispute. Moreover, the Debtor's proposal to cure its default under the Loan and "reinstate the loan's maturity date," is ambiguous with respect to whether there are other terms of the Loan which the Debtor does not intend to reinstate. If so, US Century is not unimpaired under Section 1124.

15. To the extent the Debtor elects to cure and reinstate US Century's Loan, Section 1129(b)(2) requires that US Century retain its lien until finally paid in full. The Disclosure Statement includes no such provision.

## CONCLUSION

The Court should deny approval of the Debtor's Disclosure Statement as lacking "adequate information."

**DATED:** December 29, 2014

5

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**GARBETT, STIPHANY, ALLEN & ROZA, P.A.**
Counsel to U.S. Century Bank
Brickell City Tower
80 S.W. 8th Street, Suite 3100
Miami, Florida 33130
Tel:    (305) 536-8866
Fax:    (305) 579-4722
E-mail: froza@gsarlaw.com
           byates@gsarlaw.com

By:    /s/ Brian P. Yates
       Frank J. Roza
       Florida Bar No. 880310
       Brian P. Yates
       Florida Bar No. 071257

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed on December 29, 2014 and furnished via CM/ECF to the following parties:

- Geoffrey S. Aaronson (gaaronson@aspalaw.com; jevans@aspalaw.com)

- Tamara D. McKeown (tdmckeown@mckeownpa.com)

- Office of the U.S. Trustee (USTPRegion21.MM.ECF@usdoj.gov)

I further certify that a copy of the foregoing was served on December 29, 2014 via U.S. mail on the Debtor, Riverwalk Jacksonville Development, LLC, 200 S.E. 1st Street, Suite 700, Miami, Florida 33131.

/s/ Brian P. Yates