UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                           Case No.: 14-19672-LMI

Riverwalk Jacksonville Development, LLC,         Chapter 11

    Debtor.
_____/

> This is an emergency matter because the Debtor has recently learned that it is traveling on a Plan that inadvertently fails to acknowledge the Sabadell loan on a portion of the property slated to be sold under its Plan. The Debtor will need to modify its Plan either on a consensual or non-consensual basis. For the reasons set forth herein, the relevant hearings and deadlines need to be re-scheduled.

**EMERGENCY MOTION FOR ORDER VACATING THE ORDER APPROVING DISCLOSURE STATEMENT; SETTING NEW DEADLINES; RESETTING CONFIRMATION HEARING; AND CONTINUING EXCLUSIVITY**

    Riverwalk Jacksonville Development, LLC, Debtor and Debtor in Possession ("RJD" or "Debtor"), by and through undersigned counsel, files this Emergency Motion for Order Vacating the Disclosure Statement Order, Setting New Deadlines, Re-Setting Confirmation Hearing, and Continuing Exclusivity, and in support thereof respectfully states as follows:

    1.    On March 19, 2015, this Court entered its form Order (1) Approving Disclosure Statement; (2) Setting Hearing on Confirmation of Amended Plan; (3) Setting Hearing on Fee Applications; (4) Setting Various Deadlines; and (5) Describing Plan Proponents Obligations. ("Order Approving DS"). The Order Approving DS provided for various deadlines, including April 18, 2015, as the deadline for Objections to Claims.

2. The Debtor filed only one objection to claim which was part of Adversary Proceeding 15-01269-LMI filed on April 17, 2015, in the matter of Riverwalk Jacksonville Development, LLC vs. CHLN, Inc. and Landry's, Inc. wherein the Debtor filed a Complaint for Declaratory Relief and Judgment for Damages or in the Alternative for Rejection of Lease Pursuant to 11 U.S.C. § 365(a), and an Objection to the CHLN, Inc. Proof of Claim.

3. The Order Approving DS also provided for May 7, 2015, as the deadline for Fee Applications; May 14, 2015, as the Deadline for Objections to Confirmation; May 22, 2015, as the deadline for filing proponent's Report and Confirmation Affidavit; and May 28, 2015 as the Confirmation Hearing.

4. There have been important recent events in this case.

### Regarding Sabadell United Bank.

5. Throughout the course of this case, in all of the Debtor's Cash Collateral Motions [ECF 17, 78 and 120], its Exclusivity Motions [ECF 47, 57], in its two Disclosure Statements [ECF 65, 98], at its initial Status Conference, and at the Section 341 Meeting, and at most, if not all, hearings, the Debtor has provided maps and demonstrative evidence explaining the four Jacksonville Riverwalk properties which are the subject of this case. The following demonstrative chart was included in most of these pleadings:

| Property 1 | Property 2 |
|---|---|
| Riverfront | Riverfront |
| 1501 Riverplace Boulevard | 1643 Prudential Drive |
| Folio 1122677.0000 | Folio 1122677.0000 |
| Chart House Restaurant, 6 Office Buildings including Church & Parking | Parking (Old Crawdaddy's Site) |
| Sabadell Mortgage $3.6 - $3.8 M | Unencumbered |
| FMV $4.6 M | FMV $4.0 M |

RE Taxes $108,141

Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336

| Property 3 | Property 4 |
|---|---|
| Prudential Drive | Prudential Drive |
| 0 Prudential Drive | 0 Prudential Drive |
| Folio 1122678.0000 | Folio 1122668.0000 |
| West Parking | East Parking & Hotel Easement |
| RE Taxes $16,669 | RE Taxes $33,688 |
| FMV $1.5 M | FMV $5.0 M |
| U.S. Century Mortgage – Approx $1.5 M ||

Throughout the course of this case, the Debtor has repeatedly set forth that the northeastern parcel (hereafter "The Crawdaddy's Parcel") was unencumbered.

6.     In 2011, the Debtor modified and refinanced its mortgage loan with Sabadell United Bank, National Association ("Sabadell"). The Debtor was, and remained under the impression through this case, that Sabadell expanded its mortgaged property in 2011 to include the parking lot on the westernmost portion of Property 1 above, and not on the Crawdaddy's site as well.

7.     Not once in the course of this case has Sabadell indicated any dispute with the descriptions of its mortgage boundaries. It never objected when representations were made to the Court at Status Conference, Cash Collateral Hearings, Exclusivity Hearings, Disclosure Statement hearings, or otherwise. No objection to its mortgage boundaries were made in connection with the specific representations set forth in the Debtor's Disclosure Statement approved by this Court.

> 2.90 Riverplace Parcel. The Debtor's property located at 1501 Riverplace Boulevard, Jacksonville, Florida 32207 (the Western portion of Folio Number 1122677.0000) and encumbered by the Sabadell Mortgage. The Chart House Restaurant and International House of Prayer are business tenants of the Debtor on the Riverplace Parcel, and five other commercial office spaces are presently vacant. A portion of the Riverplace Parcel is subject to use for parking by the Chart House Restaurant and also provides parking for the International House of Prayer.
>
> Disclosure Statement ECF 98, Pg. 13

3

**Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336**

> The Debtor's second property, otherwise known as the Prudential Parcel, also is prime waterfront property on the St. John's River and is unencumbered. The Prudential Parcel formerly housed a Crawdaddy's Restaurant, but the restaurant is now closed and that building has been demolished…

Disclosure Statement ECF 98, Pg. 19

8. The Debtor and undersigned counsel for the Debtor have labored with the understanding that the Sabadell mortgage was bounded solely by the Riverplace parcel. Indeed, in the initial Plan of Reorganization filed in this case on November 11, 2014, [ECF 64] and in the Disclosure Statement in connection with that Plan, and in the Amended Plan of Reorganization filed on March 13, 2015 [ECF 97] it is specifically indicated again that the Sabadell mortgage is on the Riverplace parcel (Property 1) and not on the Crawdaddy's Parcel.

9. As the Court is aware, the Amended Plan of Reorganization filed on March 13, 2015, is funded by the sale of certain property including the Crawdaddy's Parcel, free and clear of liens, claims and encumbrances.

10. On or about April 6, 2015, for the first time in this case, undersigned counsel received a telephone call from counsel for Sabadell indicating that its mortgage actually included the Crawdaddy's Parcel. Undersigned counsel immediately included the Debtor's principal in the conversation. Upon hearing of this, the Debtor immediately sought the services of its surveyor who was responsible for ascribing the 2011 Sabadell mortgage boundaries in order to confirm this information from Sabadell. Unfortunately, on or about April 10, 2015, the Debtor learned that counsel for Sabadell was correct and the Sabadell mortgage extended to the Crawdaddy's Parcel.

11. To be sure, undersigned counsel is with the impression that Sabadell's failure to apprise the Debtor of the misunderstanding was inadvertent and was not purposely planned.

Nevertheless, this revelation with regard to the Sabadell mortgage has required that the Debtor readdress and reassess its Plan of Reorganization.

12. On April 13, 2015, undersigned counsel, the Debtor, Sabadell counsel and a Sabadell officer, met at the offices of Sabadell's counsel in order to address what issues, if any, need to be resolved in connection with the Debtor's pending Plan. The Crawdaddy's Parcel that is being sold under the plan is to be sold free and clear of all liens, claims and encumbrances. It soon became apparent that the issue of concern was whether Sabadell's remaining lien on approximately 80% of the Riverfront property, was sufficient for Sabadell to be adequately secure and protected in connection with the payment of the remaining portion of its loan after pay-down on Plan confirmation. It became apparent to all parties that the Debtor's proposed payment to Sabadell of $1,000,000.00 upon plan confirmation would be insufficient for Sabadell to willingly release its lien on the Crawdaddy's Parcel. At the conclusion of the April 13, 2015, meeting, Sabadell requested a specific written proposal in connection with the sale of the Crawdaddy's Parcel.

13. On April 16, 2015, after consultation with the Debtor, undersigned counsel provided counsel for Sabadell with a written confidential settlement communication which addressed the sale pursuant to an Amended Plan. As of this moment in time, on May 7, 2015, Sabadell has not responded to the proposal and is purportedly still considering same. Their analysis is predicated upon their appraisal analysis of the value of their remaining mortgage lien.

14. The Debtor is of the belief that the resolution with the Sabadell claim is critical to the confirmation of its Plan. If Debtor is able to resolve its differences with Sabadell the Debtor should be able to proceed with a consensual plan. If it unable to resolve its differences, the Debtor may be seeking a determination from this Court that Sabadell is adequately protected and

adequately secured by the remainder of its mortgage lien on Property 1. At this point, it is clear that in either case, whether the relationship with Sabadell will be consensual or non-consensual, the Debtor will need to amend its plan.

15. If this issue remains unresolved between the parties, the Debtor believes that there may be some benefit to mediation. A contested hearing will be expensive and will involve various experts.

### Regarding CHLN/Landry's

16. The Court will recollect that the Debtor has consistently taken the position CHLN/Landry's is a holdover commercial tenant under Florida law. The Debtor is of the belief that the prior lessee under the 50 year lease failed to properly assign its interest to CHLN. These issues have been festering for approximately eight years and, indeed, are, to some extent, still pending in Duvall County State Court.

17. Many of the issues between CHLN and its parent Landry's Inc. on the one hand, and the Debtor on the other, will be summarily resolved by virtue of the Debtor's determination to reject this substantially undervalued lease pursuant to its Plan of Reorganization and 11 U.S.C. § 365. The Debtor is clearly with the understanding and belief that this is an under-value lease.

18. Notwithstanding, the Debtor has been candid and sincere to this Court and to CHLN/Landry's that it would entertain a revised market rate lease in connection with resolving the parties' differences. In that regard, the Debtor has been asking for a meeting with CHLN/Landry's for the entire course of this case and was finally advised by counsel on April 22, 2015, to prepare a proposed written settlement in lieu of a meeting. Immediately thereafter, on April 22, 2015, undersigned counsel prepared a confidential settlement communication which was delivered to counsel for CHLN /Landry's. While undersigned had a glimmer of hope that the

6

**Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336**

matter between the parties might be negotiated, there continues to be no communication whatsoever from CHLN/Landry's. Unlike with Sabadell, the Debtor doubts whether mediation would be effective with CHLN/Landry's.

## Conclusion

19. Largely based on the recent events with Sabadell, the Debtor is going to need to amend its Plan on either a consensual or non-consensual basis. The Debtor is inclined to provide Sabadell with another week to respond to the settlement proposal and/or would ask this Court to direct the parties to mediation of the Debtor/Sabadell issues. In any event, because of recent revelations, Debtor would respectfully request that the Court vacate the Order Approving Disclosure Statement, set new deadlines, re-set disclosure and confirmation hearings, and continue the Debtor's exclusive right to file an amended Plan within a date certain. The deadline to file an amended plan should accommodate continued negotiations and/or mediation with Sabadell.

20. This Motion seeks, in light of the circumstances, to have the Court impose new and continued deadlines for (a) the filing of an amended Plan and Disclosure Statement; (b) the filing of fee applications; (c) the deadline for objections to confirmation; (d) the deadline for filing proponent's Report and Confirmation Affidavit; and (e) a new confirmation hearing date. It is noted that, pursuant to the last Cash Collateral Order, the Debtor is required to continue to provide Sabadell with monthly adequate protection payments through confirmation hearing.

WHEREFORE, the Debtor would request that the Court vacate the Order Approving Disclosure Statement and that the Court reset hearings and deadlines as set forth herein, and any other and further relief the Court deems appropriate in the premises.

Respectfully submitted,

**Aaronson Schantz P.A.**

s/Geoffrey S. Aaronson
Geoffrey S. Aaronson, Esq.
Florida Bar No. 349623
gaaronson@aspalaw.com
Tamara D. McKeown, Esq.
Florida Bar No. 773247
tmckeown@aspalaw.com
Miami Tower, 27th Floor
100 SE 2nd Street
Miami, Florida 33131
Phone: 786.594.3000
Fax:    305.424.9336
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2015, the foregoing was served by the Court's CM/ECF service on all electronically noticed parties.

s/Geoffrey S. Aaronson
Geoffrey S. Aaronson