ORDERED in the Southern District of Florida on May 28, 2015

Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                         Case No.: 14-19672-LMI

Riverwalk Jacksonville Development, LLC,       Chapter 11

    Debtor.
_____/

## ORDER VACATING ORDER APPROVING
## DISCLOSURE STATEMENT; SETTING NEW DEADLINES;
## CONTINUING EXCLUSIVITY; AND COMPELLING MEDIATION

This matter came before the Court on Emergency Motion of Debtor Riverwalk Jacksonville Development, LLC, Debtor and Debtor in Possession ("RJD" or "Debtor"), for Order Vacating the Disclosure Statement Order, Setting New Deadlines, Re-Setting Confirmation Hearing, and Continuing Exclusivity on May 20, 2015, and the Court having reviewed the moving papers, there being no opposition, and it appearing that the Debtor's Plan did not contemplate that the mortgage lien of Sabadell United Bank, National Association

("Sabadell") extended to a portion of the Sale Property (as defined in Debtor's Plan), that the Debtor and Sabadell are now attempting to negotiate a satisfactory pay down of the Sabadell debt resulting from the sale of the Sale Property, for the reasons stated on the record, and for good and sufficient cause having been demonstrated, it is hereby

CONSIDERED, ORDERED and ADJUDGED as follows:

1. ECF 106, the March 19, 2015, Order of this Court (1) Approving Disclosure Statement; (2) Setting Hearing on Confirmation of Amended Plan; (3) Setting Hearing on Fee Applications; (4) Setting Various Deadlines; and (5) Describing Plan Proponents Obligations. ("Order Approving DS") is hereby vacated. At the hearings on June 11, 2015, as described hereafter, depending upon the then status of the negotiations between the Debtor and Sabadell, this Court will consider a new Plan deadline.

2. The following pending matters are hereby re-set for June 11, 2015, at 9:30 a.m. and the Clerk shall re-notice same:

    a. Debtor's Application to Employ Jeffrey Pardo, Esq. as Special Counsel in addition to Motion for Payment of Fees, in the Amount of Up to But Not Exceeding $35,000.00. Filed by Debtor Riverwalk Jacksonville Development, LLC. (ECF 140);

    b. CHLN's Motion to Deposit Funds into Court Registry in the Amount of $51874.18 Filed by Creditor CHLN, Inc. (ECF 122);

    c. Johnson Motion to Allow Late Filed Claim(s) Filed by Creditor 3 minor children of Derek Johnson. (ECF 151); and

    d. First Interim Application for Compensation for Niall T McLachlan Esq, Attorney−Creditor, Period: 4/28/2014 to 5/7/2015, Fee: $67,718.67, Expenses: $682.90, for

Sabadell, Attorney–Creditor, Period: 4/28/2014 to 5/7/2015, Fee: $67,718.67, Expenses: $682.90. Filed by Attorney Niall T McLachlan Esq. (ECF 144).

3.  In addition, hearing upon Debtor's Motion for an Order (I) Authorizing Sale of Portion of Debtor's Real Property Pursuant to Bankruptcy Code Section 363 (B) and (F) and Rules 6004(C) and 9014 of the Federal Rules of Bankruptcy Procedure, and (II) Approving Contract for Sale (the "Sale Motion"), will be heard on June 11, 2015, at 9:30 a.m. Any response or opposition thereto must be filed by 5:00 p.m. on June 8, 2015.

4.  The Court will have two hours to consider re-setting a Plan deadline, the aforesaid Motions and the Sale Motion. If Debtor's counsel believes that this will be insufficient time, counsel may contact Chambers to request that hearing upon these matters commence earlier than 9:30 a.m. on June 11, 2015.

5.  The Court is hereby ordering the assignment of the Debtor/Sabadell dispute to mediation prior to the June 11, 2015, hearing. The parties shall agree upon a mediator within seven days after the date of this order. The parties shall timely file the Local Form "Notice of Selection of Mediator," failing which the Clerk shall designate a mediator from the Clerk's register on a random basis within court divisions using the Local Form "Notice of Clerk's Designation of Mediator" and serve this notice on the required parties.

6.  The Debtor's Plan exclusivity period, along with the exclusivity period for obtaining acceptances to Plan, are continued and will be readdressed at the June 11, 2015, hearing in connection with the setting of a new Plan deadline date.

***

[Geoffrey S Aaronson, Esq. is hereby directed to serve a
conformed copy of this Order on all parties to this case.]